**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 19-cr-00140-RBJ

UNITED STATES OF AMERICA

       Plaintiff,

v.

2.    RYAN MEDHURST,

       Defendants.

_____

***UNOPPOSED* MOTION FOR AN ENDS OF JUSTICE CONTINUANCE**
**PURSUANT TO 18 U.S.C. § 3161**
_____

Ryan Medhurst, through counsel, Brian Leedy, unopposed by the government, and pursuant to the 18 U.S.C. § 3161(h)(7)(B)(i)-(iv), respectfully moves this Court for an order excluding 60 days from the speedy trial calculation, rescheduling the motions deadlines, and rescheduling the trial.  As grounds the following is stated:

**Procedural History**

1.    On August 7, 2019, a superseding indictment was issued in the above-captioned case charging Mr. Medhurst in Count 8 with a violations of 18 USC Sections 1039(a)(1) and 2. Doc. 18.  The date associated with the allegation related to conduct that occurred on May 31, 2018. Id.

2.    Mr. Medhurst was arrested and granted bond, and first appeared in this on August 12, 2019.  Doc. 24.

3.      On September 9, 2019, the Court granted prior counsel's motion to exclude 90 days form the Speedy Trial Act.  Doc. 34

4.      Prior counsel withdrew from representation of Mr. Medhurst on October 24, 2019, and undersigned counsel substituted as counsel on that date.  Doc. 40. Undersigned counsel entered his appearance on October 28, 2019.  Doc. 42.  Since that time undersigned counsel and counsel for the government have conferred with chambers and estimate the current speedy trial deadline to be January 17, 2019.

**Factual and Legal Grounds for Motion**

5.      Counsel for Mr. Medhurst received initial discovery on October 30, 2019, consisting of over 90 gigabytes of data.  Additional discovery was received on November 7, 2019, consisting of over 8,600 individual files.  Counsel anticipates additional discovery will be provided.

6.      Counsel for Mr. Medhurst requires additional time to meet and confer with Mr. Medhurst, review discovery, research potential pretrial motions issues, conduct necessary investigation and prepare for trial.  Counsel respectfully asserts that additional reasonable time is necessary for defense counsel for effective preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv) and that that a failure to grant a continuance would result in a miscarriage of justice.

7.      Counsel for has conferred with government counsel, who does not oppose this request.  Counsel have been authorized by government counsel to indicate to the court that the government has no objection to an ends of justice continuance of 60 days.

8.      18 U.S.C. § 3161(h)(7)(A) authorizes this Court to exclude from the time

2

limitations set forth in the Speedy Trial Act any delay for which the ends of justice

served by the delay outweigh the best interest of the public and the defendant in a

speedy trial. 18 U.S.C. § 3161(h)(7)(B)(iv) provides that a factor for the Court to

consider in granting this delay is "[w]hether the failure to grant such a continuance in a

case . . . would deny counsel for the defendant . . . the reasonable time necessary for

effective preparation, taking into account the exercise of due diligence." 18 U.S.C.

§ 3161(h)(7)(B)(vi).  The Speedy Trial Act allows for the suspension of the normal

deadlines for bringing a case to trial where the case is deemed so "complex" that it

would be unreasonable to expect defense counsel to adequately prepare the case for

trial within the time allowed under 18 U.S.C. §3161(c).  Additionally, the Court is

empowered to grant a continuance of the case where the failure to do so would result in

a "miscarriage of justice" within the meaning of 18 U.S.C. §3161(h)(7)(B)(i).  The

constitutional right impacted by any continuance is the defendant's and the public's right

to a speedy trial.

       9.     Here, the failure to grant the continuance would result in a "miscarriage of

justice."  *See* 18 U.S.C. §3161(h)(7)(B)(i).  Discovery is voluminous and undersigned

counsel entered his appearance approximately one month ago.  Counsel will need time

to review the evidence the government has collected and provided to counsel and meet

and confer with Mr. Medhurst.

      10.    In further support of this motion, the defendants address the factors

articulated in *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987): (1) the

diligence of the party requesting the continuance; (2) the likelihood that the continuance,

if granted, would accomplish the purpose underlying the party's expressed need for the

continuance; (3) the inconvenience of the opposing party, its witnesses, and the court resulting from the continuance, and; (4) the need asserted for the continuance and the harm that the moving party might suffer as a result of the district court's denial of the continuance requested.

11.     Counsel has been diligent since entering the case and has continued to confer with the U.S. Attorney's office regarding discovery productions and format of electronic discovery. If granted, the requested continuance and exclusion of time would accomplish the purpose underlying the needs for the continuance, specifically, it would allow all defense counsel sufficient time to review the documentation of the underlying investigation, analyze the case and the government's evidence, determine the viability of any pretrial motions, and to effectively prepare.  Without such time, counsel will be forced to file motions without the necessary underlying information from the government or to proceed to trial without the ability of counsel to prepare, investigate and effectively litigate these matters.  Undersigned counsel is unaware of any inconvenience to the opposing party and its witnesses.  Furthermore, counsel for the government has no objection to the requested continuance.  Undersigned counsel has no information as to the inconvenience to the court that might arise from the continuance.  As noted above, analyze the case and the government's evidence, evaluate pretrial motions issues, and to effectively prepare for trial.

12.     In *United States v. Williams*, 511 F.3d 1044, 1057 (10th Cir. 2007), the Circuit observed that although "the trial court must make explicit findings regarding why granting the continuance will strike a proper balance between the ends of justice and the best interest of the public and the defendant in a speedy trial," it "need not articulate

facts which are obvious and set forth in the motion for the continuance itself." (internal citations omitted) (quoting *United States v. Lattany*, 982 F.2d 866, 879 (3d Cir. 1992)).

13.     The need for additional time in this case is clear. Were the 70-day time frame followed here, counsel for the Defendants would be denied "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Counsel cannot, even with due diligence, within the speedy trial clock, effectively prepare for trial. The harm that would result by this Court's denial of this motion would be great as well, as it would deprive the defendant of adequate and competent counsel. Without the requested relief, the defense will be unable to prepare a defense in this case and counsel will not be able to provide effective assistance of counsel.

14.     Under the factors set forth in West, supra, as well as the teachings of Williams, supra, *United States v. Toombs*, 475 F.3d 1262, 1268 (10th Cir. 2009), and *United States v. Medrano*, 2009 WL 45547801 *4-7 (08-1273)(10th Cir. December 7, 2009), even exercising due diligence undersigned counsel could not be prepared for trial within the time limits of the Speedy Trial Act.

Wherefore, Mr. Medhurst, through counsel and unopposed by the government, respectfully request that the Court issue an order excluding 60 days from the speedy trial calculation, rescheduling the motions deadlines, and rescheduling the trial.

Dated this 21st day of November 2019.

Respectfully Submitted,

/s/ Brian R. Leedy
**Brian R. Leedy**
Haddon, Morgan & Foreman, P.C.
150 E. 10th Ave.

Denver, CO 80203
(303) 831-7364
Email address:  bleedy@hmflaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing:

**_UNOPPOSED_ MOTION FOR AN ENDS OF JUSTICE CONTINUANCE
PURSUANT TO 18 U.S.C. § 3161**

was electronically filed with the Clerk of the Court using the CM/ECF system on this 21st day of November 2019 which will send notification of such filing to the parties and counsel in the case.

<u>/s/ Brian R. Leedy</u>
**Brian R. Leedy**
Haddon, Morgan & Foreman, P.C.
150 E. 10th Ave.
Denver, CO 80203
(303) 831-7364
Email address:  bleedy@hmflaw.com