IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00140-RBJ

UNITED STATES OF AMERICA

       Plaintiff,

v.

2.    RYAN MEDHURST,

       Defendant.

_____

**SECOND *UNOPPOSED* MOTION FOR AN ENDS OF JUSTICE CONTINUANCE PURSUANT TO 18 U.S.C. § 3161**
_____

Ryan Medhurst, through counsel, Brian Leedy, unopposed by the government, and pursuant to the 18 U.S.C. § 3161(h)(7)(B)(i)-(iv), respectfully moves this Court for an order excluding 30 days from the speedy trial calculation, rescheduling the motions deadlines, and rescheduling the trial. As grounds the following is stated:

**Procedural History**

1. On August 7, 2019, a superseding indictment was issued in the above-captioned case charging Mr. Medhurst in Count 8 with a violations of 18 USC Sections 1039(a)(1) and 2. Doc. 18. The date associated with the allegation related to conduct that occurred on May 31, 2018. Id.

2. Mr. Medhurst was arrested and granted bond, and first appeared in this on August 12, 2019. Doc. 24.

3. On September 9, 2019, the Court granted prior counsel's motion to exclude 90 days form the Speedy Trial Act. Doc. 34

4. Prior counsel withdrew from representation of Mr. Medhurst on October 24, 2019, and undersigned counsel substituted as counsel on that date. Doc. 40.

Undersigned counsel entered his appearance on October 28, 2019. Doc. 42. On November 22, 2019, the Court excluded 60 days from the speedy trial calculation and reset the dates and deadlines.  Doc. 46, 48.  On January 23, 2020, the Court extended the motions deadlines.  Doc. 61.

**Factual Background Legal Grounds for Motion**

5. Counsel for Mr. Medhurst received initial discovery on October 30, 2019, consisting of over 90 gigabytes of data. Additional discovery was received on November 7, 2019, consisting of over 8,600 individual files. Counsel received additional discovery on December 10, 2019.

6. Counsel for Mr. Medhurst and government counsel have conferred regarding a pretrial disposition of the case.  Undersigned counsel has informed government counsel that an expert evaluation of Mr. Medhurst has been arranged, conducted, and undersigned counsel is awaiting a report of the evaluation from the expert.  Undersigned counsel intends to share the evaluation with government counsel for purposes of reaching a pretrial disposition.  The collateral information upon which the evaluation relies is voluminous, and includes records of treatment and testing, along with academic records, that date back to the mid 1980s.  Recently, additional records were located and provided to the expert authoring the evaluation, which has delayed its completion.

7. Counsel for has conferred with government counsel, who does not oppose this request, and has requested the evaluation upon completion. Counsel have been authorized by government counsel to indicate to the court that the government has no objection to an ends of justice continuance of 30 days.

**Legal Grounds for Motion**

8. 18 U.S.C. § 3161(h)(7)(A) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(B)(iv) provides that a factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in a case . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(vi).

9. Here, a failure to grant a continuance would result in counsel being denied "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(vi).  In addition to the voluminous amount of discovery, counsel is required to exercise due diligence in pursuing a pretrial resolution of the case, which, at this time, requires additional time.

10. In further support of this motion, the defendants address the factors articulated in *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987): (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience of the opposing party, its witnesses, and the court resulting from the continuance, and; (4) the need asserted for the continuance and the harm that the moving party might suffer as a result of the district court's denial of the continuance requested.

11. Counsel has been diligent since entering the case and has continued to confer with the U.S. Attorney's office regarding discovery productions and format of

electronic discovery. If granted, the requested continuance and exclusion of time would accomplish the purpose underlying the needs for the continuance, specifically, it would allow all defense counsel sufficient time to review the documentation of the underlying investigation, analyze the case and the government's evidence, determine the viability of any pretrial motions, and to effectively prepare. Additionally, the evaluation sought and conducted will be available for review by both parties and utilized in pretrial resolution discussions.

Undersigned counsel has no information as to the inconvenience to the court that might arise from the continuance. As noted above, analyze the case and the government's evidence, evaluate pretrial motions issues, and to effectively prepare for trial.

12.  In *United States v. Williams*, 511 F.3d 1044, 1057 (10th Cir. 2007), the Circuit observed that although "the trial court must make explicit findings regarding why granting the continuance will strike a proper balance between the ends of justice and the best interest of the public and the defendant in a speedy trial," it "need not articulate facts which are obvious and set forth in the motion for the continuance itself." (internal citations omitted) (quoting *United States v. Lattany*, 982 F.2d 866, 879 (3d Cir. 1992)).

13. The need for additional time in this case is clear. Were the 70-day time frame followed here, counsel for the Defendant would be denied "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Without the requested relief, the defense will be unable to prepare a defense in this case, counsel will be unable to effectively participate in pretrial negotiations, and consequently counsel will not be able to provide effective assistance of counsel.

14. Under the factors set forth in West, supra, as well as the teachings of Williams, supra, *United States v. Toombs*, 475 F.3d 1262, 1268 (10th Cir. 2009), and *United States v. Medrano*, 2009 WL 45547801 *4-7 (08-1273)(10th Cir. December 7, 2009), even exercising due diligence undersigned counsel could not provide effective assistance of counsel in negotiations, or be prepared for trial within the time limits of the Speedy Trial Act.

Wherefore, Mr. Medhurst, through counsel and unopposed by the government, respectfully request that the Court issue an order excluding 30 days from the speedy trial calculation, rescheduling the motions deadlines, motions hearing, and rescheduling the trial.

Respectfully submitted,

*s/ Brian R. Leedy*

Brian R., Leedy
Ridley McGreevy & Winocur P.C.
303 16th Street, Suite 200
Denver, CO 80202
303-629-9700
leedy@ridleylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing:

**SECOND *UNOPPOSED* MOTION FOR AN ENDS OF JUSTICE CONTINUANCE PURSUANT TO 18 U.S.C. § 3161**

was electronically filed with the Clerk of the Court using the CM/ECF system on this 5TH day of February 2020 which will send notification of such filing to the parties and counsel in the case.

*s/ Brian R. Leedy*
Brian R. Leedy